TYUS, APPELLANT, v. MORITZ, DIRECTOR, ET AL., APPELLEES.

(No. 76AP-273—Decided October 19, 1976.)

*Mr. D. David Altman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. William J. Mooney,* for appellees.

REILLY, J. This is an appeal from a judgment entered by the Court of Claims on February 26, 1976.

The record shows that on December 19, 1975, appellant filed a complaint in the Court of Claims against the state of Ohio, Timothy B. Moritz, director of the Department of Mental Health and Mental Retardation, as well as several members of the staff of Longview State Hospital, alleging that appellant was wrongfully suspended, or allowed to be suspended, threatened with discharge, or allowed to be threatened with discharge, or wrongfully forced or allowed to take leave of absence, which deprived him of his right to practice his profession as a registered nurse. Appellant further alleged that a staff member promised him that he would be paid for a certain period of time and this was not fulfilled. Further, appellant alleged that staff members slandered him and that one staff member was guilty of malpractice. Appellant claimed his damages were $40,000, along with $800 in back pay, plus interest for 180 days, as well as attorney fees.

Appellees filed a motion to dismiss for a failure to state a claim over which the Court of Claims has subject matter jurisdiction, and for a failure to state a claim upon which relief could be granted. Moreover, they moved, in the alternative, for an order granting them summary judgment. Appellees contended that the Court of Claims was without jurisdiction because the state had previously consented to be sued. As to the alleged slander, appellees claimed that appellant had executed a release of appellees for money injuries that could have resulted therefrom.

The Court of Claims entered a judgment on February 26, 1976, dismissing appellant's complaint; whereupon, this appeal was duly filed. Appellant advances four assignments of error, as follows:

"I. The state of Ohio's consent to be sued in personnel actions before the State Personnel Board of Review is contingent upon the employer-agency's filing its order with the Board of Review. The failure of the employer-agency to put anything in writing allows the employee to pursue his claim in the Court of Claims.

"II. Counts V, VI and VII of plaintiff's complaint incorporate the allegation that defendants who damaged plaintiff via negligent supervision, slander and malpractice acted within the scope of their employment.

"III. Actions giving rise to slander and medical malpractice directed at plaintiff were not unrelated to assigned tasks of defendants and not beyond the scope of their employment as a matter of law.

"IV. Motions for dismissal and summary judgment cannot be properly granted when there are genuine issues of material fact unresolved."

Appellant's assignments of error are not well taken. They are basically interrelated, and, consequently, are considered together. Section 16, Article I, of the Constitution, provides in part:

"Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

Such language is not self-executing. Note *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49. Hence,

it was not until the General Assembly enacted Senate Substituted House Bill 800 that the state of Ohio waived its immunity from liability and consented to be sued; whereupon, the Court of Claims was established by the General Assembly as a forum for hearing suits against the state. Notwithstanding, there is a specific limitation upon suits that can be maintained in the Court of Claims. R. C. 2743.-02(A) provides in part that: "* * * To the extent that the state has previously consented to be sued, this chapter has no applicability."

The facts, as presented in this case, are within R. C. 2743.02(A). R. C. 124.03 includes the powers and duties of the State Personnel Board of Review, as follows:

"Hear appeals as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to * * * suspension, discharge * * *."

There is no question that the appointing authority is required to file an order of suspension with the State Personnel Board of Review. Notwithstanding, appellant's proper redress is mandamus rather than an action in the Court of Claims. The fact that appellant would have to file an action for a writ of mandamus to require the agency to file a notice of intent with the Personnel Board of Review, or require the appointing authority to pay compensation for a period during which he was not allowed to work, does not contravene the statutory limitations of the Court of Claims Act. Consequently, the Court of Claims does not have subject matter jurisdiction of this claim and it was plainly not error for that court to dismiss the complaint.

Moreover, aside from a release executed by appellant, any negligence, slander, or medical malpractice would plainly not be within the scope of supervision of employees or within the scope of authority of the named alleged defendants. Such actions, even if proven, would be ultra vires by such employees, and not within the jurisdiction of the Court of Claims.

There was a remedy available to appellant which ex-

isted prior to the enactment of R. C. 2743.02(A). In any event, whatever acts of slander, malpractice, negligence, or unauthorized statements, that were alleged, were personal matters and not within the scope of employment by the state of Ohio. Therefore, there were simply no matters of material fact unresolved. The Court of Claims lacked subject matter jurisdiction over appellant's cause of action, and, further, appellant's complaint did not state a claim upon which relief could be granted.

Accordingly, for the foregoing reasons, all of appellant's assignments of error are not well taken and are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.